UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| BLUE PIPE STEEL CENTER CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA; <br><br> Defendants. | Court No. 21-00081 |

**COMPLAINT**

Plaintiff Blue Pipe Steel Center Co., Ltd. ("Blue Pipe"), by and through its attorneys, allege the following for its Complaint against the United States, acting by and through the U.S. Customs and Border Protection ("CBP"):

**CONTESTED DETERMINATION**

1. This action concerns an appeal from CBP's final administrative review of a determination of evasion of the antidumping duty order A-549-502, covering certain circular welded carbon steel pipes and tubes from Thailand.

2. On November 8, 2019, the Trade Remedy Law Enforcement Directorate ("TRLED") of CBP initiated an Enforce and Protect Act ("EAPA") investigation (EAPA Case Number 7401) on Blue Pipe's entries of merchandise that was in response to an allegation of antidumping duty evasion that was filed with CBP on October 4, 2019 by certain U.S. producers (Independence Tube Corporation, Southland Tube Inc., and Wheatland Tube Company) (jointly "Petitioners").

1

3. On September 11, 2020, TRLED of CBP issued its final determination in EAPA Case Number 7401 that there was substantial evidence that Blue Pipe had entered merchandise covered by an antidumping duty order into the customs territory of the United States through evasion. See., CBP Notice of Final Determination as to Evasion, September 11, 2020 ("*Sep. 11, 2020 Initial EAPA Determination*").

4. On January 27, 2021, after considering Blue Pipe's request for an administrative review of the *Sept. 11, 2020 Initial EAPA Determination,* CBP's Office of Trade Regulations & Rulings issued its determination that affirmed the determination of AD duty evasion made by TRLED in EAPA Case Number 7401 ("*Jan. 27, 2021 CBP Review Determination*").

## JURISDICTION

5. This action is brought pursuant to section 571(g) of the Tariff Act of 1930, as amended by the Trade Facilitation and Trade Enforcement Act of 2015 ("TFTEA") to contest the *Jan. 27, 2021 CBP Review Determination*. See 19 U.S.C. § 1517(g). Title IV, Section 421 of TFTEA is commonly referred to as the Enforce and Protect Act of 2015 ("EAPA").

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1581(c), which provides the Court with exclusive jurisdiction over all civil actions commenced under 19 U.S.C. § 1517.

## STANDING

7. Blue Pipe was the importer of record of the merchandise subject to CBP's evasion investigation. Blue Pipe thus is an interested party within the meaning of 19 U.S.C. § 1517(a)(6) and 28 U.S.C. § 2631(k)(1).

8. Further, following CBP's determination of evasion, Plaintiff is subject to antidumping duties and is therefore adversely affected or aggrieved by agency action within the meaning of section 702

of the Administrative Procedure Act ("APA"), as amended, 5 U.S.C. 19 U.S.C. § 702, and is entitled to commence this action pursuant to 28 U.S.C. § 2631(i).

## TIMELINESS

9. CBP's Office of Trade Regulations & Rulings issued its final affirmative determination of evasion on January 27, 2021. *Jan. 27, 2021 CBP Review Determination.*

10. Plaintiff is commencing this action with the concurrent filing of a summons and complaint, within 30 business days after the publication of the *Jan. 27, 2021 CBP Review Determination*. 19 U.S.C. § 1517(g)(1). Plaintiff also has adhered to all service and notice requirements set forth by the Rules of this Court. *See,* USCIT R. 3, 4.

## STATEMENT OF FACTS

11. Nearly 35 years ago, on March 11, 1986, the U.S. Department of Commerce ("Commerce") issued an antidumping duty order covering certain circular welded carbon steel pipes and tubes from Thailand, Case No. A-549-502. *Circular Welded Carbon Steel Pipes and Tubes from Thailand*, 51 Fed. Reg. 8341 (March 11, 1986) ("AD Order").

12. Commerce defined the scope of the AD order as follows:

The products covered by this order are certain welded carbon steel pipes and tubes from Thailand. The subject merchandise has an outside diameter of 0.375 inches or more, but not exceeding 16 inches. These products, which are commonly referred to in the industry as "standard pipe" or "structural tubing," are hereinafter designated as "pipe and tube." The merchandise is classifiable under the Harmonized Tariff Schedule (HTS) item numbers 7306.30.1000, 7306.30.5025, 7306.305032, 7306.30.5040, 7306.30.5055, 7306.30.5085, and 7306.30.5090. Although the HTS subheadings are provided for convenience and Customs purposes, our written description of the scope of the order remains dispositive.

13. On October 4, 2019, domestic producers of circular welded carbon steel pipes and tubes, Independence Tube Corporation, Southland Tube Inc., and Wheatland Tube Company (collectively "Petitioners" or "the Allegers") filed an EAPA allegation with CBP. Letter from the

3

Allegers, "Circular Welded Carbon Steel Pipes and Tubes from Thailand: Request for an Investigation under the Enforce and Protect Act" (Oct. 4, 2019) ("EAPA allegation").

14. On October 18, 2019, CBP acknowledged receipt of a properly filed EAPA allegation against Blue Pipe. See October 18, 2019 email, "Receipt of EAPA 7401: Misclassifying Standard Pipe as Line Pipe."

15. Petitioners' allegation asserted that reasonably available information suggested that Blue Pipe had evaded the AD Order by importing standard pipe from Thailand (which is subject to the AD Order), and misclassified it as line pipe, which is not subject to the AD Order. The alleged evasion involved importations made by Blue Pipe of products that were produced by Saha Thai Public Company Ltd. ("Saha Thai") that were dual stenciled pipe. Dual-stenciled pipe are pipe products that meet the standards of both American Society for Testing and Materials ("ASTM") A53, which is referred to as "standard pipe," and American Petroleum Institute ("API") 5L, which is certified as a type of "line pipe."

16. On November 8, 2019, CBP initiated an EAPA investigation on Blue Pipe. *See*, CBP Memorandum, "Initiation of Investigation for EAPA Case Number 7401 – Blue Pipe," dated November 8, 2019. In its notice of initiation, CBP stated that the evidence in the allegation reasonably suggested that Blue Pipe entered merchandise into the United States through evasion because Blue Pipe did not respond to the initial CF-28 and CBP solely relied on the information provided by Allegers. *See*, Notice of Initiation of Investigation taken as to Blue Pipe Steel Center Company Limited concerning evasion of the antidumping order on Certain Circular Welded Carbon Steel Pipes and Tubes from Thailand, dated February 13, 2020.

17. After the initiation of the EAPA investigation, CBP sent requests for information and supplemental requests for information to Blue Pipe and the producer of the merchandise under

investigation, Saha Thai. *See*, Feb. 26, 2020 Blue Pipe RFI questionnaire; Feb. 27, 2020 Saha Thai RFI questionnaire; May 29, 2020 Blue Pipe and Saha Thai RFI supplemental questionnaires. Blue Pipe and Saha Thai fully cooperated with all of CBP's requests in the EAPA investigation. Blue Pipe submitted its responses on April 24, 2020 and June 3, 2020. Additionally, Saha Thai submitted their responses on May 4, 2020 and June 3, 2020. *Sep. 11, 2020 Initial EAPA Determination* at 4.

18. On January 6, 2020, CBP conducted cargo examinations for two Blue Pipe import entries and chose six pipes identified as manufactured by Saha Thai for laboratory testing. *Sept. 11, 2020 Initial EAPA Determination* at 4. CBP's lab reports confirmed that Blue Pipe's samples of pipes were in fact dual stenciled pipe and did not indicate any inconsistencies with the requirements of ASTM A53 Grade A (standard pipe) and API 5L PSL 1 Pipe Grade A (line pipe) as declared on the entry documents. *Sep. 11, 2020 Initial EAPA Determination* at 4.

19. Although CBP originally relied primarily on Petitioners' allegations to initiate the EAPA investigation against Blue Pipe, CBP ultimately found that several of Petitioners' key allegations were unfounded. For example, based on the detailed information provided on Blue Pipe's and Saha Thai's shareholders lists, financial statements and other corporate documents, CBP found no evidence supporting Petitioners' allegation that Blue Pipe and Saha Thai were affiliated. Similarly, CBP rejected Petitioners' allegations that Saha Thai was unable to produce line pipe, and instead found that Blue Pipe and Saha Thai had provided hundreds of pages of evidence (e.g., mill test certificates, invoices, purchase orders, Saha Thai's API certification) demonstrating that Blue Pipe's supplier, Saha Thai, had the ability and did in fact produce pipe that met the API 5L standards for line pipe.

20. Despite rejecting most of Petitioners' allegations, CBP still made a final determination that Blue Pipe evaded the AD Order. *Sep. 11, 2020 Initial EAPA Determination*, at 1-2, 7-8. Ultimately, the primary basis for CBP's evasion determination was that Commerce on June 30, 2020 had issued a scope ruling that found dual-stenciled pipe was within the scope of the AD order. *Sep. 11, 2020 Initial EAPA Determination*, at 7-8 (citing DOC Final Scope Ruling on Line Pipe and Dual-Stenciled Standard and Line Pipe, June 30, 2020 ("DOC Scope Ruling")).

21. The DOC Scope Ruling addressed an unsettled question whether dual stenciled pipe was covered by the AD Order. Although standard pipe was clearly included within the scope of the AD Order and line pipe was clearly excluded from the scope of the AD Order, Commerce had not previously addressed whether dual stenciled pipe, which complied with both applicable industry standards for standard pipe (ASTM A53) and line pipe (API 5L), should be considered as covered by the scope of the AD Order or not. Commerce self-initiated a scope inquiry to determine whether dual-stenciled pipe was covered after considering Petitioners' request for a circumvention ruling and determining that it was more appropriate to conduct a scope inquiry, rather than a circumvention inquiry. *DOC Self-Initiation of Scope Inquiry on Line Pipe and Dual-Stenciled Standard Line Pipe*, November 22, 2019.

22. In making its final determination in the DOC Scope Ruling, DOC specifically distinguished line pipe from dual stenciled pipe. Commerce determined that line pipe was not subject to the AD Order, but that dual stenciled pipe was subject to the AD Order.

23. The DOC Scope Ruling is currently subject to appeal before this Court in a separate judicial proceeding. *See*, *Saha Thai Steel Pipe Public Company Limited v. United States*, CIT Court No. 20-00133.

24. The DOC Scope Ruling was made well after Blue Pipe had imported the dual-stenciled pipe from Thailand from fourth quarter 2018 (November 2018) through first quarter 2020. *Sept. 11, 2020 Initial EAPA Determination*, at 3 and 5. All of Blue Pipe's entries of dual-stenciled pipe from Thailand had been declared as Type 01 entries that were not subject to antidumping duties (as opposed to Type 03 entries subject to antidumping duties). All of Blue Pipe's entries subject to CBP's EAPA determination had been made prior to Commerce issuing its DOC Scope Ruling on June 30, 2020. *DOC Scope Ruling*. Indeed, a significant portion of Blue Pipe's entries had been made even before Commerce had self-initiated its scope investigation to determine whether dual-stenciled pipe was covered by the AD Order. *DOC Self-Initiation of Scope Inquiry on Line Pipe and Dual-Stenciled Standard Line Pipe*, November 22, 2019.

25. CBP did not explain how Blue Pipe could misrepresent the dual-stenciled pipe as Type 01 entries (not subject to antidumping duties), when at the time Blue Pipe made its entries, Commerce had not yet ruled that dual-stenciled pipe was subject to the AD Order.

26. CBP determined that Blue Pipe had entered covered merchandise through evasion should be applied to suspend the liquidation of Blue Pipe's entries beginning from October 18, 2018 through September 11, 2020, and that the suspension of liquidation should continue until liquidation instructions were issued for these entries.

## STATEMENT OF CLAIMS

### COUNT ONE

27. Paragraphs 1 through 26 are incorporated by reference.

28. A determination by CBP as to whether covered merchandise was entered through evasion must be based on substantial evidence. 19 U.S.C. § 1517(c)(1)(A); 19 C.F.R. § 165.27(a).

29. CBP's determinations in the *Sep. 11, 2020 Initial EAPA Determination* and the *Jan. 27, 2021 CBP Review Determination* that Blue Pipe had entered covered merchandise into the United States through evasion was not supported by substantial evidence.

30. CBP's determination is based on an explanation that is contrary to the record evidence before the agency and thus is arbitrary and capricious, and in violation of 19 U.S.C. § 1517(g)(2)(A) and 19 U.S.C. § 706.

## COUNT TWO

31. Paragraphs 1 through 30 are incorporated by reference.

32. CBP's determinations in the *Sep. 11, 2020 Initial EAPA Determination* and the *Jan. 27, 2021 CBP Review Determination* of Blue Point's evasion rely primarily on the *DOC Scope Ruling*, which determined that dual-stenciled pipe was covered by the AD Order.

33. The *DOC Scope Ruling* is currently being challenged by Saha Thai in a separate CIT court case. *Saha Thai Steel Pipe Public Company Limited v. United States*, CIT Court No. 20-00133.

34. If the CIT determines in that case that the *DOC Scope Ruling* was not supported by substantial evidence and was not in accordance with law, that decision will affect the CIT's consideration of the validity of CBP's determination of Blue Point's evasion in this case. If the *DOC Scope Ruling* is invalidated, CBP's determination of Blue Point's evasion should also be invalidated.

## COUNT THREE

35. Paragraphs 1 through 34 are incorporated by reference.

36. CBP's decision to apply its duty evasion determination to all of Blue Point's entries of dual-stenciled pipe beginning from October 18, 2018 was not supported by substantial evidence and was not in accordance with law.

37. CBP's determination to suspend liquidation for Blue Point's entries that were entered before Commerce had made its *DOC Scope Ruling* on June 30, 2020, or even before Commerce had even initiated its scope inquiry on whether dual-stenciled pipe was covered by the AD Order on November 22, 2019 was not supported by substantial evidence and was not in accordance with law.

38. Even if the Court affirms CBP's determination that Blue Point's entries of dual-stenciled pipe was covered merchandise entered through evasion, the Court should determine that CBP's application of this duty evasion to entries made before Commerce made its DOC Scope Ruling or even initiated its scope inquiry was premature and thus legally invalid.

\* \* \*

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully request that this Court

(1)     Enter judgment in favor of Plaintiff;

(2)     Hold as unlawful CBP's EAPA determination that Blue Point's had entered covered merchandise through evasion;

(3)     Remand this proceeding to CBP with instructions to amend its EAPA determination for Blue Point in conformity with the Court's decision; and

(4)     Grant such other and further relief as the Court may deem just and proper.

                                              Respectfully submitted,

                                              /s/ Adams C. Lee
                                              Adams C. Lee

Dated: March 8, 2021                    HARRIS BRICKEN & SLIWOSKI LLP
                                              600 Stewart Street, Suite 1200
                                              Seattle, WA 98101

                                              *Counsel to Blue Pipe Steel Center Co., Ltd.*

# CERTIFICATE OF SERVICE

Pursuant to U.S. Court of International Trade Rule 4(b) and (h), I hereby certify that on March 8, 2021, copies of Plaintiffs' Summons and Complaint were served on the following parties by certified mail, return receipt requested:

Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza
New York, NY 10278

Attorney-In-Charge
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530

Chief Counsel
Office of Chief Counsel
U.S. Customs & Border Protection
1300 Pennsylvania Ave., NW
Washington, DC 20229

                                                /s/ Adams C. Lee
                                                   Adams C. Lee