# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN

| | | |
|---|---|---|
| BLUE PIPE STEEL CENTER CO., LTD., | : | |
| Plaintiff, | : | |
| v. | : | Court No. 21-00081 |
| UNITED STATES OF AMERICA; | : | |
| Defendant, | : | |
| WHEATLAND TUBE COMPANY and NUCOR TUBULAR PRODUCTS INC. | : | |
| Defendant-Intervenors. | : | |

## **PLAINTIFF'S UNOPPOSED MOTION TO STAY PROCEEDINGS**

Plaintiff, Blue Pipe Steel Center Co., Ltd. ("Blue Pipe"), respectfully requests that the Court stay proceedings in this action pending the final decision by the Court in *Saha Thai Steel Pipe Public Co., Ltd. v. United States*, Court No. 20-00133 ("*Saha Thai*").

This motion for stay is unopposed. Plaintiff consulted with the other parties to this action. On June 1, 2021, In K. Cho, counsel to Defendant, the United States, indicated that the United States consents to this motion and agrees that a stay is appropriate, without agreeing that plaintiff's description of the effect of the ruling from *Saha Thai,* Court No. 20-133 is complete. On May 29, 2021, Luke A. Meisner, counsel to Defendant-Intervenor, Wheatland Tube Company ("Wheatland") and on June 1, 2021, Elizabeth S. Lee, counsel to Defendant-Intervenor, Nucor Tubular Products Inc. ("Nucor"), both indicated that they take no position with respect to this motion and defer to the Court's decision on this motion.

1

Blue Pipe's appeal challenges the determinations of U.S. Customs and Border Protection ("CBP") in the Enforce and Protect Act ("EAPA") investigation (EAPA Case Number 7401) that Blue Pipe had entered merchandise covered by an antidumping duty order into the customs territory of the United States through evasion. CBP's determinations in this EAPA investigation of Blue Point's duty evasion rely primarily on a scope ruling made by the Department of Commerce ("DOC") which determined that dual-stenciled pipe was covered by the AD Order on Certain Circular Welded Carbon Steel Pipes and Tubes from Thailand. DOC Final Scope Ruling on Line Pipe and Dual-Stenciled Standard and Line Pipe, June 30, 2020 ("*DOC Scope Ruling*").

The *DOC Scope Ruling* is currently subject to appeal before this Court in *Saha Thai*. The parties to that *Saha Thai* case have filed briefs with their respective arguments on whether the *DOC Scope Ruling* was supported by substantial evidence and in accordance with law. Oral argument for *Saha Thai* is currently scheduled for July 15, 2021.

The Court's decision in *Saha Thai* on whether the *DOC Scope Ruling* was lawful will have a significant impact on this action. As noted in its complaint, Blue Pipe asserts that if the *DOC Scope Ruling* is deemed unlawful, CBP's determination of Blue Point's evasion should also be deemed unlawful. If the Court in *Saha Thai* finds that the *DOC Scope Ruling* was lawful, the Court's decision likely would, at a minimum, affect the arguments Blue Pipe might raise in this case, and could cause Blue Pipe to abandon its action and withdraw its appeal entirely. Therefore, because the Court's decision in *Saha Thai* regarding the lawfulness of the *DOC Scope Ruling* is a key issue that will significantly affect whether and how this case proceeds, we seek a stay of these proceedings until the Court issues a final determination in *Saha Thai*.

"{T}he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel , and

for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). "A court may properly determine that 'it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'" *Diamond Sawblades Mfrs' Coal. v. United States*, 34 CIT 404, 406 (2010) (quoting *Leyva v. Certified Grocers of California*, 593 F.2d 857, 863-64 (9th Cir. 1979)). Moreover, a stay is appropriate where cases share common legal issues and a stay "will promote judicial economy, conserve the resources of the parties, and ultimately advance the interests of justice" *An Giang Agric. And Food Imp. Exp. Co. v. United States*, 28 CIT 1671, 1682, 350 F. Supp. 2d 1162, 1172 (Ct. Int'l Trade 2004).

A stay in this proceeding pending the final decision in *Saha Thai* will preserve the resources of the parties and the Court, and promote the broader interests of judicial economy and efficiency. Although Blue Pipe is not a party in *Saha Thai*, Blue Pipe would likely make similar, if not identical, arguments that Saha Thai made challenging the *DOC Scope Ruling* in *Saha Thai*. Defendant and Defendant-Intervenor Wheatland Tube in this case are also parties in *Saha Thai* and have already submitted response briefs defending the *DOC Scope Ruling* in that case. Staying this case would obviate the need for parties to expend the time and resources to prepare the submission of arguments that have already been made in *Saha Thai*. Similarly, a stay would relieve the Court of the need to reconsider the same or similar arguments regarding the *DOC Scope Ruling* in this case before the Court makes its ruling in *Saha Thai.*

A stay would not cause any harm to any party to this proceeding or to any other interested party and would simply preserve the *status quo* while awaiting the resolution of the Court's review of the *DOC Scope Ruling.* A stay would not change the government's ability to enforce the AD order pursuant to the CBP EAPA determination pending the outcome of either *Saha Thai* or this action. *An Giang*, 28 CIT at 1682, 350 F. Supp. 2d at 1172 ("Particularly in light of the absence of any showing

of real harm associated with it, entry of the requested stay will serve both the interests of judicial economy and the interests of the parties as well."); *Jiaxing Bros. Fastener Co. v. United States*, 179 F. Supp. 3d 1156, 1160 (Ct. Intl'l Trade 2016) (granting a stay because it could streamline the proceeding, could "result in the dismissal of one or more" claims, and no evidence that "a stay will work any real hardship on the Government" or Defendant-Intervenor).

Accordingly, Blue Pipe respectfully requests that the Court stay the proceedings in this case pending a final decision by the Court in *Saha Thai* regarding the *DOC Scope Ruling*. We request that the Court direct the parties to submit an updated joint status report regarding how the case should proceed and a proposed revised briefing schedule after the Court has issued its final decision in *Saha Thai*.

Respectfully submitted,

 /s/ Adams C. Lee
Adams C. Lee

Dated: June 1, 2021

HARRIS BRICKEN & SLIWOSKI LLP
600 Stewart Street, Suite 1200
Seattle, WA 98101
(206) 224-5657

*Counsel to Blue Pipe Steel Center Co., Ltd.*

4