IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| BLUE PIPE STEEL CENTER, CO., LTD., | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES, | ) Court No. 21-00081 |
| Defendant, | ) |
| and | ) |
| WHEATLAND TUBE CO. and NUCOR TUBULAR PRODUCTS, INC., | ) |
| Defendant-Intervenors. | ) |

**DEFENDANT'S SUPPLEMENTAL BRIEF**

Pursuant to the Court's March 19, 2025 scheduling order (ECF No. 70), defendant, the United States, respectfully submits this supplemental brief responding to the supplemental brief filed by plaintiff, Blue Pipe Steel Center Co., LTD., (Blue Pipe). Blue Pipe Supplemental Brief, ECF No. 71 (Pl. Supp. Br.). Blue Pipe imports dual-stenciled pipe produced by Saha Thai Public Company Ltd. (Saha Thai). *Id.* at 2. Blue Pipe acknowledges that its arguments pertaining to U.S. Customs and Boarder Protection's (CBP) evasion determination are no longer applicable following the Federal Circuit's precedential decision in *Saha Thai Steel Pipe Pub. Co., Ltd. v. United States*, 101 F.4th 1310 (Fed. Cir. 2024), and the Supreme Court's denial of a petition for a writ of *certiorari* challenging that decision. Pl. Supp. Br. at 1. However, Blue Pipe continues to assert its contention that the timing of the effective date of CBP's determination was improper. *Id.* We address that remaining contention here.

CBP's evasion determination extends to all of Blue Pipe's entries subject to the Enforce and protect Act (EAPA) investigation, which started on October 18, 2018 and extended until September 11, 2020, regardless of the timelines outlined in Commerce's scope ruling. *See* C.R. 18; C.R. 72. Blue Pipe's argues that the evasion determination should not apply before the initiation of Commerce's scope inquiry, November 22, 2019. Pl. Supp. Br. at 1-5.

As an initial matter, we note that Blue Pipe's arguments concerning the timing of the effective date are identical to the arguments it made in its prior briefing in this case. Blue Pipe Motion for Judgement on the Administrative Record (Pl. MJAR), ECF No. 50, at 22-25; Blue Pipe Reply (Pl. Reply) ECF No. 58, at 14-18. In short, Blue Pipe alleges that, since CBP relied on Commerce's scope ruling for its determination that Blue Pipe had improperly imported covered merchandise, CBP should not be allowed to use an effective date for its investigation earlier than the date that Commerce began its scope review. *Id.*; Pl. Supp. Br. at 1-5. In our response to Blue Pipe's MJAR, we established that this argument was flawed for two reasons. Government Response to Blue Pipe's MJAR (Gov't Resp.), ECF No. 51, at 12-14. We note that nowhere in any of the briefing filed by Blue Pipe in this proceeding does Blue Pipe directly address the caselaw we cited in our response and reiterate below. Pl. Supp. Br. at 1-5; Pl. MJAR at 22-25; Pl. Reply at 14-18.

First, CBP has a separate and independent authority under EAPA to suspend liquidation: CBP's EAPA evasion proceedings are not governed by the date on which Commerce directed CBP to suspend liquidation in a wholly separate scope proceeding under Commerce's regulation 19 C.F.R. § 351.225. CBP has independent statutory authority to conduct an EAPA investigation, and to suspend liquidation of entries by imposing interim measures and at the time it issues a final determination of evasion under EAPA. 19 U.S,C. §1517(e), 19 U.S.C. § 1517(d). In response to a final affirmative determination of evasion, the statute provides that CBP shall "suspend the

liquidation of unliquidated entries of such covered merchandise that are subject to the determination and that enter on or after the date of the initiation of the investigation." 19 U.S.C. § 1517(d)(1)(A)(i). Nothing in EAPA directs that Commerce's regulatory timelines regarding the suspension of liquidation must supersede EAPA's statutory timelines. *See* 19 U.S.C. § 1517(d). In this case, pursuant to its statutory authority under 19 U.S.C. § 1517(c), CBP found that substantial evidence on the record supported a conclusion that Blue Pipe was entering covered merchandise without properly declaring on entry documents that the merchandise was subject to the antidumping duty order. C.R. 72 at 8.[1] In accordance with the affirmative finding of evasion, CBP (under its own authority pursuant to section 1517(d)(1)(A)(i)) suspended the liquidation of all entries made by Blue Pipe between October 18, 2018 and September 11, 2020. C.R. 77 at 8.

In the context of covered merchandise referrals under 1517(b)(4), the Court has agreed with CBP's interpretation of the EAPA statute that Commerce's regulatory timelines do not bind CBP in the EAPA context. *Diamond Tools Tech. LLC v. United States*, 545 F. Supp.3d 1324, 1351 (Ct. Int'l Trade 2021). Specifically, the Court stated: "{T}o require that {CBP} be bound by Commerce's later circumvention timeline would restrict {CBP's} authority to find {pre-anticircumvention inquiry} entries were "covered merchandise," thereby limiting {CBP's} enforcement authority under the EAPA with regard to those entries. Such an outcome would be contrary to the congressional intent underlying the EAPA statute and {CBP's} ability to exercise its statutory authority." *Diamond Tools*, 545 F. Supp.3d at 1351. This analysis applies regardless of whether CBP submits a covered merchandise referral to Commerce, because any other outcome would diminish CBP's ability to exercise its authority under EAPA and create perverse incentives

---

[1] Citations to documents in the public record (P.R.) and confidential record (C.R.) refer to the public (ECF No. 20) and confidential (ECF No. 21) versions of the administrative record, respectively, filed in this Court.

3

for importers to delay seeking a scope ruling, thereby manipulating CBP's ability to enforce the law.

Second, in *Sunpreme Inc. v. United States*, 946 F.3d 1300 (Fed. Cir. 2020) (*en banc*), the Federal Circuit recognized CBP's inherent authority to suspend liquidation to enforce the antidumping duty law. Even without the specific authority under EAPA, CBP permissibly exercised its own inherent authority. Blue Pipe contends that the dates governing suspension of liquidation contained in 19 C.F.R. § 351.225(l) must supersede Congress's explicit direction to CBP to suspend liquidation as of a date certain and extend liquidation of earlier entries under section 1517(d). Blue Pipe Mot. at 22-23. Even without the specific statutory direction to CBP, the Federal Circuit in *Sunpreme* concluded that CBP had authority to take these actions when it suspected an importer of entering covered merchandise as not subject to antidumping duties. *Sunpreme Inc. v. United States*, 946 F.3d at 1318. Specifically, the Court reasoned that "{a}ny other result would also be inconsistent with 19 C.F.R. § 351.225(l) {because that regulation} expressly contemplates a scenario in which products are 'subject to suspension of liquidation at the direction of {CBP}, but Commerce later initiates a scope inquiry and issues a 'final scope ruling {} to the effect that the product in question is not included within the scope of the order' (i.e., that {CBP'S} initial determination was incorrect)." *Id*. "Such a regulation would be largely unnecessary if {CBP} was only empowered to suspend liquidation where orders were clear and unambiguous." *Id*. In essence, CBP has co-extensive authority to suspend liquidation of merchandise previously considered out of scope, and if CBP's suspension predates the initiation of the scope inquiry, then CBP's determination must govern. In sum, "{t}here is nothing 'retroactive' about continuing to suspend liquidation where liquidation has already been suspended for the entire relevant time period." *Sunpreme*, 946 F.3d at 1319. Accordingly, Blue Pipe's assertion that it is improper for

CBP to initiate its evasion investigation prior to Commerce's scope findings is without merit.

In its supplemental brief, Blue Pipe cites no authority for its position that CBP should not be allowed to use an effective date prior to Commerce's initiation of its scope review. Pl. Supp. Br. at 1-5. Instead, it relies on its argument that, prior to Commerce's scope review in this case, dual stenciled pipe was considered outside the scope of the antidumping order of line pipe and, therefore, it did not attempt to evade the antidumping order prior to the initiation of Commerce's scope review. Pl. Supp. Br. at 2. However, the Federal Circuit expressly rejected this reliance on prior scope reviews in its *Saha Thai* decision. *Saha Thai*, 101 F.4th at 1330 ("Saha's reliance on other investigations and CWP orders, as referenced in the ITC's sunset reviews, is similarly unavailing."). Specifically, the Federal Circuit stated that the Thailand Order "does not contain {} exclusionary language, which Commerce properly gave effect in interpreting the Thailand Order." *Id.* In other words, the Federal Circuit held that the original Thailand order did not contain language excluding dual stenciled pipe from the order, and, therefore, Commerce's scope ruling in *Saha Thai* was not a change in position as Blue Pipe contends.

Additionally, as we discussed above, imposing a limitation on CBP authority to apply only in those circumstances where there is an extant scope ruling from Commerce would be inconsistent with CBP's co-extensive authority with Commerce's under 19 C.F.R. § 351.225(l) to suspend liquidation. *Sunpreme*, 946 F.3d at 1319. Additionally, subsequent to the filing of the MJAR briefing in this case (but prior to supplemental briefing), this Court ruled in *Ikadan System USA v. United States*, 639 F. Supp. 3d 1339, 1348-50 (Ct. Int'l Trade 2023), that CBP's interpretation of the EAPA statute as having strict liability with respect to evasion was permissible. In that case, plaintiffs alleged that they did not evade the AD/CVD order because they had a "good faith disagreement" with CBP about the scope of the order. *Id.* The Court found that disagreement to be immaterial. *Id.* In other words, given Commerce's scope ruling in this case, the fact that Blue Pipe

5

genuinely believed that its product was outside the scope of the order prior to the initiation of that scope review cannot excuse it from EAPA's compliance requirements or strip CBP of its ability to suspend liquation.

Accordingly, based on the discussion above, and, given Blue Pipe's lack of legal support for its position, Blue Pipe's arguments must fail.

## CONCLUSION

For the foregoing reasons, the Court should deny Blue Pipe's motion for judgment on the administrative record.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

Of Counsel:

TAMARI J. LAGVILAVA
Senior Attorney
Enforcement & Operations
Office of Chief Counsel
U.S. Customs and Border Protection

s/ Robert R. Kiepura
ROBERT R. KIEPURA
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480 Ben Franklin Station
Washington, DC  20044
Telephone: 202-305-4436
Email: Robert.Kiepura@usdoj.gov

May 19, 2025                                                                 Attorneys for Defendant

**CERTIFICATE OF COMPLIANCE**

      I hereby certify that this brief complies with the word limitation of Court of International Trade Standard Chambers Procedures § 2(B)(1) and contains approximately 1,602 words, excluding the parts of the brief exempted from the word limitation.  In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.


                                            /s/ Robert R. Kiepura